**UNITED STATES COURT OF APPEALS**

**TENR CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff–Appellee,

v.

MELVIN ELLIS HOLLY,

       Defendant–Appellant.

No. 09-7088
(D.C. Nos. 6:08-CV-00404-SPF and
6:04-CR-00114-SPF-1)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

       Melvin Ellis Holly, a federal prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition for writ of

habeas corpus. We deny a COA and dismiss the appeal.

       Holly, a former sheriff, was convicted on fourteen federal counts related to the

sexual abuse of inmates, employees, and an employee's daughter at the Latimer County

Jail. On direct appeal, this court reversed four of those convictions due to a jury

---

      [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instruction error.  See United States v. Holly, 488 F.3d 1298 (10th Cir. 2007).  Holly filed

his § 2255 petition on October 24, 2008, alleging ineffective assistance of counsel at the

trial and appellate levels.  One month later, he moved to disqualify the district court judge

assigned to his case.  He later filed an amended motion to disqualify and several

supplemental affidavits.  In separate orders, the district court denied the motion to

disqualify and rejected Holly's habeas petition.  It later denied a COA, as well as Holly's

motion for leave to proceed in forma pauperis ("IFP").

A petitioner may not appeal the denial of habeas relief under § 2255 without a

COA.  § 2253(c)(1)(B).  We may issue a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires

Holly to show "that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further."  Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

On appeal, Holly fails to present any reasoned argument as to his ineffective

assistance of counsel claims and has accordingly waived them.  See Adler v. Wal-Mart

Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998).  Although Holly generally asserts his

counsel had a conflict of interest, he does not address the district court's basis for

rejecting this claim:  Holly's failure to show either an actual conflict of interest or an

adverse effect on his counsel's performance.  See United States v. Alvarez, 137 F.3d

1249, 1252 (10th Cir. 1998).  Accordingly, we will not address Holly's ineffectiveness arguments.  See Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (holding that "mere conclusory allegations with no citations to the record or any legal authority for support" are insufficient to preserve an issue).

Holly does address the district court's denial of his motion to disqualify. However, the only grounds for disqualification Holly advances concern adverse rulings by the district court judge and fantastical conspiracy theories (such as Holly's claim that the court "lent the prestige of a federal bench to an organized methamphetamine operation, Iranian weapons trafficking operation and alleged murderers").  Neither ground is sufficient to warrant disqualification.  See Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992).[1]

For the foregoing reasons, we **DENY** a COA and **DISMISS** Holly's appeal. Because Holly has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502,

---

[1] Holly also contends the district court erred in refusing to consider several supplemental affidavits he submitted in support of his motion to disqualify.  Because nothing contained in these affidavits would have required disqualification, any error in refusing to consider them would be harmless.  See § 2111.

505 (10th Cir. 1991), we **DENY** his motion to proceed IFP.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge