FILED
United States Court of Appeals
Tenth Circuit

May 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

MELVIN ELLIS HOLLY,

      Defendant–Appellant.

No. 09-7104
(D.C. No. 6:04-CR-00114-SPF-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Melvin Ellis Holly, a federal prisoner proceeding pro se, appeals the denial of his

motions for a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Holly is a former sheriff. In August 2005, he was convicted on fourteen federal

counts related to the sexual abuse of inmates, employees, and an employee's daughter at

the Latimer County jail. On direct appeal, we reversed four of those convictions due to a

---

    * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

jury-instruction error.  See United States v. Holly, 488 F.3d 1298 (10th Cir. 2007).  Holly

then filed a federal habeas petition, which challenged his convictions on the ten

remaining counts based on ineffective assistance of counsel.  The district court denied

habeas relief, and we declined Holly's request for a certificate of appealability ("COA").

See United States v. Holly, No. 09-7088, 2010 WL 423120 (10th Cir. Feb. 5, 2010)

(unpublished).

In October 2009, Holly filed a motion for a new trial followed by a supplemental

motion for new trial.  After reviewing Holly's claims on the merits, the district court

denied both motions.  Holly timely appealed.

Federal Rule of Criminal Procedure 33 permits a district court to grant a new trial

if required in the interests of justice.  "[A] motion for new trial is regarded with disfavor

and should only be granted with great caution."  United States v. Quintanilla, 193 F.3d

1139, 1146 (10th Cir. 1999).  To show that newly discovered evidence warrants a new

trial, a defendant must establish:

> (1) the evidence was discovered after trial, (2) the failure to learn of the
> evidence was not caused by [his] own lack of diligence, (3) the new
> evidence is not merely impeaching, (4) the new evidence is material to the
> principal issues involved, and (5) the new evidence is of such a nature that
> in a new trial it would probably produce an acquittal.

Id. at 1147 (citation omitted).  We review the denial of a Rule 33 motion for an abuse of

discretion.  Id. at 1146.

Holly alleges that he has obtained new evidence of the following:  (1) his counsel

had a conflict of interest; (2) prior to trial, the government placed its witnesses in a

"Laquinta Inn Motel," where a "drug party" occurred; (3) a prosecution witness was under the influence of drugs when she testified; (4) several witnesses committed perjury and had engaged in illegal activities in the past; (5) DNA evidence was concealed from the jury; (6) Holly was given psychotropic drugs while in jail; and (7) decisions made by the district judge during and after trial violated ethical canons.

For substantially the same reasons set forth by the district court, we conclude that Holly did not make the requisite showings under Rule 33.[1]  With respect to defense counsel's alleged conflict of interest, Holly failed to demonstrate that he discovered this evidence after trial or that such evidence is material to the principal issues involved in his case.  We rejected a similar conflict-of-interest claim in denying Holly a COA to appeal the denial of his habeas petition; his arguments here are equally unavailing.  See Holly, 2010 WL 423120, at *1 (concluding that Holly "fail[ed] to show either an actual conflict of interest or an adverse effect on his counsel's performance").

Holly's claims concerning witness placement, drug use, and other misbehavior likewise fail.  This evidence is merely impeaching, and Holly has not shown that it would probably lead to his acquittal.  The latter is also true of Holly's claim regarding concealed

---

[1] Like the district court, we note that Holly's motions were untimely.  See Fed. R. Crim. P. 33(b)(1) (requiring that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty").  However, the government did not argue timeliness below, and because this issue is not jurisdictional, we do not raise it sua sponte.  See Eberhart v. United States, 546 U.S. 12, 19 (2005).

DNA evidence[2] and his allegation that he was given psychotropic drugs. Finally, Holly's argument that the district judge violated ethical canons is without merit; to the extent the alleged misconduct is evidence, it is immaterial to the principle issues in the case and would not have led to an acquittal.[3]

For the foregoing reasons, we conclude that the district court properly exercised its discretion in denying Holly's motions for a new trial. Accordingly, we **AFFIRM**. Because Holly has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Holly did not indicate the name of the alleged DNA donor in any of his pleadings below, nor did he make a reasoned argument that this evidence would result in his acquittal.

[3] Holly also obliquely raises an issue concerning his Miranda rights. This argument was not made before the district court, and we will not consider it on appeal. See Walker v. Mather (In Re Walker), 959 F.2d 894, 896 (10th Cir. 1992).