FILED
United States Court of Appeals
Tenth Circuit

June 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MELVIN ELLIS HOLLY,

     Plaintiff-Appellant,

v.

WARREN GOTCHER, d/b/a Gotcher
Law Firm; DENNIS DELA, individually;
ROY ALFORD, individually; LATIMER
COUNTY BOARD OF COUNTY
COMMISSIONERS, STATE OF
OKLAHOMA,

     Defendants-Appellees.

No. 11-7004
(D.C. No. 6:10-CV-00405-JHP)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Plaintiff/appellant Melvin Ellis Holly appeals the district court's order characterizing his complaint as a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and transferring the motion to this court. We conclude that Holly's complaint was an attempt to bring claims for damages pursuant to 42 U.S.C. § 1983. However, Holly states no viable claims under § 1983. We, therefore, remand to the district court with instructions to vacate its order characterizing Holly's complaint as a second or successive § 2255 motion and then to dismiss Holly's complaint without prejudice.

I

Holly, a former sheriff, was convicted on fourteen federal counts relating to the sexual abuse of inmates, employees, and an employee's daughter at the Latimer County, Oklahoma jail. On direct appeal, this court vacated four of Holly's convictions due to a jury instruction error. Holly subsequently filed a 28 U.S.C. § 2255 motion, alleging ineffective assistance of counsel and other constitutional errors. The district court dismissed Holly's habeas petition and denied a certificate of appealability. This court affirmed. United States v. Holly, 364 F. App'x 471 (10th Cir. 2010) (unpublished).

Holly then filed the instant complaint naming his attorney, the Latimer County Board of Commissioners, and three individual commissioners as defendants. Holly alleges that the defendants violated his constitutional rights by failing to investigate his

2

case and providing him ineffective assistance of counsel.[1] Holly asks the court to require the defendants to provide him with the services of an attorney and private investigators, and also seeks punitive damages. He does not specifically seek to have his conviction vacated. The district court issued an order construing Holly's complaint as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Because Holly had previously filed a § 2255 motion, the district court transferred the motion to this court pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 1631. Holly appealed the district court's characterization of his complaint, arguing that he did not seek to bring a § 2255 motion.

## II

Because Holly does not actually seek to have his conviction vacated and, instead, seeks damages and the funding of counsel and private investigators, his pleading is more properly characterized as an attempt to bring claims under 42 U.S.C. § 1983. Cf. United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (noting that, when determining whether a pleading is a § 2255 motion or a Fed. R. Civ. P. 60(b) motion, "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion"). Nonetheless, we conclude that any error by the district court in characterizing Holly's petition was harmless because Holly's § 1983 claims are barred under the rule of

---

[1] Holly also alleges that he was beaten and raped in prison. However, the only connection between the defendants' actions and what transpired in prison is that, according to Holly, the defendants caused him to be convicted. This connection is too attenuated to state a claim against the defendants relating to the prison incidents.

Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Holly's claims are all based on the argument that he was deprived of due process and, thus, implicitly question the validity of his convictions. His convictions on ten counts have not been vacated and, therefore, his claims are barred under Heck.

## III

The decision of the district court characterizing Holly's pleading as a 28 U.S.C. § 2255 motion is reversed. This case is remanded to the district court with instructions to vacate its order characterizing Holly's complaint as a second or successive § 2255 motion and then to dismiss Holly's complaint without prejudice for failure to state a claim upon which relief can be granted. Holly's request to proceed in forma pauperis on appeal is granted. We remind Holly that he is still required to make partial payments of the filing fee until it is paid in full.

Entered for the Court

Mary Beck Briscoe
Chief Judge

4