FILED
United States Court of Appeals
Tenth Circuit

November 4, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MELVIN ELLIS HOLLY,

Defendant-Appellant.

No. 11-7034
(D.C. No. 6:04-CR-00114-SPF-1)
(E.D. Okla.)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **GORSUCH**, Circuit Judges.

---

Melvin Ellis Holly, a federal prisoner proceeding pro se, appeals the district court's denial in part and dismissal in part of his "Motion for Severance, 'Conflict of Interest' Change of Venue, Pursuant to Rule 18 U.S.C. 3234 Fed. R. Crim. P." Because this motion attempts to bring unauthorized second or successive 28 U.S.C. § 2255 claims, we deny a certificate of appealability (COA) and dismiss this appeal.

---

[*]    This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

### *Background*

Mr. Holly, a former sheriff, was convicted of numerous counts "related to the sexual abuse of inmates, employees, and an employee's daughter at the Latimer County jail." *United States v. Holly*, 378 F. App'x 852, 853 (10th Cir. 2010). He has pursued a direct appeal, *see United States v. Holly*, 488 F.3d 1298 (10th Cir. 2007); a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, *see United States v. Holly*, 364 F. App'x 471 (10th Cir. 2010); and various other forms of relief, *see, e.g., United States v. Holly*, No. 11-7014, 2011 WL 2356332 (10th Cir. June 15, 2011) (motion for a writ of audita querela); *Holly*, 378 F. App'x at 852 (motion for a new trial).

The "Motion for Severance, 'Conflict of Interest' Change of Venue, Pursuant to Rule 18 U.S.C. 3234 Fed. R. Crim. P." asserted that: (1) because this court had reversed some of his convictions in his direct appeal, those counts should be severed from the remaining counts of conviction; (2) some of the jurors knew him, requiring a change of venue; (3) his defense counsel had a conflict of interest because counsel was representing another defendant (whom Mr. Holly had arrested and jailed at the Latimer County jail) in a separate proceeding; (4) the then-current United States Attorney had a conflict of interest because he and Mr. Holly were longtime friends; and (5) in light of these issues, Mr. Holly was deprived of his liberty without due process. In addition to severance and a change of venue, Mr. Holly requested a new trial or a reversal of his convictions.

Suggesting that the motion to some extent might seek a new trial under Fed. R. Crim. P. 33, the district court stated that Mr. Holly had not provided newly discovered evidence sufficient to warrant a new trial, meaning that there was no reason for severance or a new venue. Thus, the court denied the motion to the extent it sought a severance, a change of venue, and a new trial. The court further declared that to the extent that the motion sought to vacate or reverse Mr. Holly's convictions, it presented unauthorized second or successive § 2255 claims that the court did not have jurisdiction to consider. Accordingly, it dismissed the portions of the motion presenting unauthorized second or successive § 2255 claims. Mr. Holly appeals.

*Analysis*

As discussed below, this motion presents second or successive § 2255 claims that are subject to the authorization requirements of § 2255(h). Therefore, Mr. Holly must obtain a COA to pursue this appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To obtain a COA he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA shall only issue if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

-3-

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Under § 2255(h), a second or successive § 2255 motion must be authorized by this court before it can proceed in the district court. And "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2255 motion if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference."). We recently explained as much to Mr. Holly in connection with his motion for a writ of audita querela. *See Holly*, 2011 WL 2356332, at *2.

"A § 2255 motion is one 'claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." *Nelson*, 465 F.3d at 1148 (quoting § 2255(a)); *see also Gonzalez*, 545 U.S. at 532 (stating that a

motion seeking to add a new ground for relief from a conviction is subject to the requirements for a second or successive habeas application). Because the creatively titled motion asserts that Mr. Holly's sentence was imposed in violation of the Due Process Clause and the Sixth Amendment, he undoubtedly seeks to present second or successive § 2255 claims. *See also Holly*, 2011 WL 2356332, at \*2, \*4 (holding that Mr. Holly's claim regarding his counsel's purported conflict of interest was a successive § 2255 claim). Accordingly, the district court did not have jurisdiction to consider the merits of any portion of the motion.[1]

That is not to say that every Fed. R. Crim. P. 33 new-trial motion is subject to the authorization requirements. In *United States v. Evans*, 224 F.3d 670, 673-74 (7th Cir. 2000), the Seventh Circuit recognized that "[a] *bona fide* motion for a new trial on the basis of newly discovered evidence falls outside § 2255 ¶ 1 [now § 2255(a)] because it does not contend that the conviction or sentence violates the Constitution or any statute." But in *Evans* the defendant's motion did not present a claim of newly discovered evidence justifying a new trial, but instead presented legal claims that "readily could have been presented under § 2255." *Id.* at 673. "A defendant whose argument is not that newly discovered

---

[1]     Moreover, Mr. Holly's motion was filed well out of time to seek a new trial. He was convicted in 2005, and a Fed. R. Crim. P. 33 motion must be filed, at most, three years after conviction.

evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255 . . . no matter what caption he puts on the document." *Id.* at 674. Because Evans's legal claims were "classic grounds of collateral attack," the circuit court held that the district court lacked jurisdiction to consider Evans's Rule 33 motion. *Id.*

With regard to the instant motion, although the district court erred in suggesting that some portion of the motion might properly be construed as seeking relief under Fed. R. Crim P. 33, ultimately it correctly recognized that the motion presented second or successive § 2255 claims that it lacked jurisdiction to consider. This matter does not warrant any further proceedings. The application for a COA is DENIED and this matter is DISMISSED.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-6-