FILED
United States Court of Appeals
Tenth Circuit

March 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MELVIN ELLIS HOLLY,

Defendant-Appellant.

No. 11-7048
(D.C. No. 6:04-CR-00114-SPF-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Melvin Ellis Holly, a federal prisoner appearing pro se, appeals the district court's order denying his motion asserting that he was denied due process because the court failed to look at the "true facts" at his criminal trial and because the district court's post-trial orders were defective for various reasons. Holly

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

requests leave to proceed on appeal in forma pauperis (IFP). We have jurisdiction

pursuant to 28 U.S.C. § 1291. We deny leave to proceed IFP. We affirm in part

and reverse and remand in part. In addition, we propose filing restrictions for

Holly.

## Background

The facts underlying this appeal have been set forth in detail in several of

this court's orders resolving prior appeals and petitions filed by Holly. Briefly,

> Mr. Holly, a former sheriff, was convicted of numerous counts "related to the sexual abuse of inmates, employees, and an employee's daughter at the Latimer County jail." *United States v. Holly*, 378 F. App'x 852, 853 (10th Cir. 2010). He has pursued a direct appeal, *see United States v. Holly*, 488 F.3d 1298 (10th Cir. 2007); a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, *see United States v. Holly*, 364 F. App'x 471 (10th Cir. 2010); and various other forms of relief*, see, e.g., United States v. Holly*, 435 F. App'x 732 (10th Cir. 2011) (motion for a writ of audita querela[; denial of authorization to file second §2255 motion]); *Holly*, 378 F. App'x at 852 (motion for a new trial).

*United States v. Holly*, 444 F. App'x 309, 310 (10th Cir. 2011) (dismissing appeal

of "Motion for Severance, 'Conflict of Interest' Change of Venue . . .").

## Discussion

In this case, Holly asserts that he was denied due process. His claims can

be divided into two categories. In the first, he attempts to re-argue various claims

challenging his criminal convictions that could have been brought in his first

28 U.S.C. § 2255 motion. In the second, he alleges that several of the district

court's rulings denied him due process and that the district court judge was prejudiced against him.

*§ 2255 Claims*

The claims raised in Holly's current appeal are merely another attempt to relitigate his § 2255 motion challenging his convictions. Moreover, this court has specifically rejected these claims in prior rulings. Holly's claims raised here that have been specifically foreclosed are as follows: (1) he was administered the drug Haloperidol (brand name Haldol) during his trial, *see Holly*, 435 F. App'x at 736 (dismissing claim that "he was forced by prison officials to take Haloperidol prior to trial" because it could not be raised in a second motion for habeas relief); (2) Jennifer Monteil's DNA was concealed from him, *see Holly*, 378 F. App'x at 854 (holding "Holly's claim regarding concealed DNA evidence [was] merely impeaching," and therefore failed to satisfy the standard for a new trial); (3) sheriff's dispatcher Roberta Hughes furnished the female witnesses methamphetamine while they were in jail, promised each witness one million dollars to secure their statements that Holly had raped them, and then lied about having done so; she also lied about her own drug addiction, *see Holly*, 435 F. App'x at 736-37 (denying a certificate of appealability for absolutely unsupported claim that "Roberta Hughes . . . provided methamphetamine and an offer of one million dollars to any female inmate willing to testify against Holly"); (4) Amber Helmert's drug convictions were not revealed to Holly before

his trial, *see id.* (denying a certificate of appealability for claim that "Amber Helmert, an inmate and one of Holly's victims, admitted to receiving methamphetamine from Roberta Hughes" or was ever prosecuted for possession of methamphetamine); (5) the depositions of Amber Helmert, Roberta Hughes, Jennifer Monteil, Deborah Hendricks, Skipper Kistler, Tasha Nix, and Alicia Piper, which were taken as part of Holly's victims' subsequent civil suit against Latimer County, were contradictory to the testimony given at trial, *see id.* (noting that the civil depositions were taken over two years before Holly sought habeas relief and Holly was aware of at least some of the depositions when he filed his habeas motion; therefore, this evidence was not newly discovered and could not be brought in a second or successive § 2255 motion); (6) the complaining witnesses were given methamphetamine in the Latimer County Jail to induce their testimony that Holly had sexually battered them, *see id.* (denying a certificate of appealability for unsupported claim that Hughes provided methamphetamine to witnesses because it was merely impeaching and failed to satisfy the standard for a new trial); *Holly*, 378 F. App'x at 853-54 (rejecting claim of new evidence based on government's alleged "drug party" for witnesses); (7) Holly's defense counsel had a conflict of interest, *see Holly*, 364 F. App'x at 472 (noting that in his request for a certificate of appealability to appeal the denial of his first § 2255 motion, Holly "fail[ed] to show either an actual conflict of interest or an adverse effect on his counsel's performance"); *Holly*, 378 F. App'x at 853 (rejecting

-4-

Holly's motion for a new trial based on claim that "his counsel had a conflict of interest" because he "failed to demonstrate that he discovered this evidence after trial or that such evidence is material to the principal issues involved in his case"); and (8) Holly was friends with the United States Attorney, who should have recused, *see Holly*, 444 F. App'x at 311-12 (dismissing Holly's "creatively titled motion" attempting to bring an unauthorized second or successive § 2255 motion asserting that "the then-current United States Attorney had a conflict of interest because he and Mr. Holly were longtime friends").

We conclude that these claims should be characterized as challenges to Holly's convictions. Included in this category are Holly's assertions in the underlying motion that the district court violated his due process rights in rejecting new evidence and in failing to consider his claims ab initio. All of those claims should have been construed as a request to file a second or successive § 2255 motion and dismissed. *See* 28 U.S.C. § 2244(a); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."). We have previously approved the district court's recharacterization of Holly's claims as an unauthorized second or successive § 2255 motion. *See Holly*, 444 F. App'x at 312 (holding district court "correctly recognized that [Holly's] motion presented second or successive § 2255 claims that [the court] lacked jurisdiction to consider");

*Holly*, 435 F. App'x at 734 ("We conclude that the district court correctly recharacterized Holly's motion as a second motion for habeas relief and that it correctly dismissed the motion for lack of jurisdiction.").

We recognize that Holly has titled his current iteration of his claims as a violation of due process, but he asserts and reasserts claims of error in his convictions, so his request for relief must be treated like a second or successive § 2255 motion. As this court has explained to Holly,

> A prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2255 motion if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006); *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference."). *We recently explained as much to Mr. Holly in connection with his motion for a writ of audita querela. See Holly*, 435 F. App'x at 734-35.

*Holly*, 444 F. App'x at 311 (emphasis added).

We have catalogued Holly's current claims to make clear that the filing restrictions we propose below are warranted. Nevertheless, we remand these claims to the district court with instructions to recharacterize them as a second or successive § 2255 motion, and to dismiss them for lack of jurisdiction.

*District Court's Rulings*

Holly also claims that the district court denied him due process by (1) relying on a brief by the U.S. Attorney in a matter concerning John Lester Ruston, even though Holly does not know Ruston; (2) delaying in ruling on his § 2255 motion filed on October 24, 2008; and (3) denying his July 2010 motion for a new trial before he had an opportunity to reply to the government's opposition, and not notifying him of the ruling promptly (although he does not challenge the district court's statement that the order was mailed to his last known address). Holly further contends that the district court should have held an evidentiary hearing and that the judge was biased and prejudiced against him.

Holly has demonstrated no error or prejudice relating to a brief referencing Ruston. We perceive no impropriety in the district court's timeliness in ruling on Holly's motions or in mailing orders to his last known address. Holly was not entitled to an evidentiary hearing to rehash his second and successive attempts to relitigate his § 2255 motion. *See* 28 U.S.C. § 2255(b) (indicating that no hearing is required where it is conclusive "that the prisoner is entitled to no relief"). Finally, Holly's bare assertion that the district court judge was biased and prejudiced against him appears to be based solely on adverse rulings, a position this court has explained to him does not warrant disqualification under Tenth Circuit law. *Holly*, 364 F. App'x at 472 ("[T]he only grounds for disqualification Holly advances concern adverse rulings by the district court judge and fantastical

conspiracy theories. . . . Neither ground is sufficient to warrant disqualification."); *In re Holly*, No. 09-7052 (10th Cir. June 4, 2009) (order denying mandamus relief; holding that a claim based on the district court judge's prior adverse rulings is not "a basis for seeking recusal"). Therefore, the district court's judgment on these claims is affirmed.

## Filing Restrictions

As discussed above, Holly has attempted to raise claims and arguments that have all been resolved in prior appeals. Because these issues have previously been resolved against him, his appeal is frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (holding that "[a]n appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit" (internal quotation marks omitted)).

"The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (internal quotation marks omitted) (alteration omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). This court may impose an injunction "where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain

-8-

its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.* "[P]ro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. We emphasize today that we will scrutinize equally all filings by both pro se and counseled litigants to protect against [abusive litigation]." *Kyler v. Everson*, 442 F.3d 1251, 1253-54 (10th Cir. 2006); *cf. Haworth v. Royal (In re Haworth)*, 347 F.3d 1189, 1191-92 (10th Cir. 2003) (imposing sanctions against a pro se litigant for, among other things, challenging matters that had been decided in a prior appeal).

In addition to the six appellate proceedings described above, Holly has filed the following three matters in this court: *Holly v. Gotcher*, 427 F. App'x 634, 636 (10th Cir. 2011) (holding claims brought under 42 U.S.C. § 1983 were "based on the argument that he was deprived of due process [which] implicitly question[ed] the validity of his convictions" that had not been vacated; the due-process claims were therefore barred); *United States v. Holly*, No. 10-7101 (10th Cir. Apr. 26, 2011) (appeal of claims based on convictions dismissed for lack of prosecution); *In re Holly*, No. 10-7092 (10th Cir. Jan. 25, 2011) (order dismissing for failure to prosecute complaint "which the district court construed as an attempt to file an unauthorized second or successive 28 U.S.C. § 2255 motion"). Moreover, in his supplemental notice of appeal in this case, Holly has acknowledged that the issues raised here "had been brought up before" and

declared that the same "issues will be brought up in the lower court until the court puts these issues before a jury."  R. Doc. 172 at 1.

This court has distinguished between "litigants who have repeatedly abused the appellate process" and "those who have limited their repetitive filings to a particular subject."  *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008) (collecting cases).  Thus far, Holly's claims have been based on his criminal convictions and various proceedings related to them.  It does not appear "(at least as yet)" that he is "likely to abuse the legal process in connection with other persons and subject matters."  *Id.* (internal quotation marks omitted). Accordingly, we conclude that Holly's appellate filings warrant imposing filing restrictions limited to the claims brought in his prior appellate proceedings and arguments related to those claims.

Therefore, Holly is restricted from filing any further pro se filings with this court raising claims decided in his prior appellate cases cited above.  In addition, this court will not accept any further pro se appeals or original proceedings filed by Holly that raise claims related to the claims brought in his prior appellate cases.  The clerk of this court shall return any such filings, unfiled, to Holly.

Holly shall have ten days from the date of this order and judgment to file written objections to these proposed filing restrictions.  His response shall be limited to fifteen pages.  If Holly does not file an objection, the filing restrictions shall take effect twenty days from the date of this order and judgment.  If Holly

does file timely objections, these filing restrictions shall take effect only if the court rules against Holly and rejects his objections. In that event, the filing restrictions shall apply to any matter filed after that ruling.

## Conclusion

Holly's motion to proceed IFP on appeal is DENIED. Holly's claims deemed to be an attempt to file a second or successive § 2255 motion are REVERSED and REMANDED to the district court with instructions to dismiss them for lack of subject matter jurisdiction. The district court's judgment is AFFIRMED in all other respects. Holly's objections, if any, to the proposed filing restrictions described above are due within ten days of this order and judgment.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-11-