**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 11, 2006**

**TENTH CIRCUIT**

HOWELL FRANKLIN ROBERTS, III,

Plaintiff - Appellant,

v.

DANIEL O'BANNON; JAMES
DIXON; R. JASON BREST; MARIKA
C. PUTNAM; BRIDGER E. FALK;
LISA CRAM; VICTOR
MONTEJANO; KENNETH M. LAFF,
all in their individual and official
capacities,

Defendants - Appellees.

No. 06-1244

(D. Colorado)

(D.C. No. 06-CV-00447-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

On March 14, 2006, Howell Franklin Roberts III, an inmate in Colorado

state prison, filed a pro se complaint in the United States District Court for the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

District of Colorado seeking relief under 42 U.S.C § 1983. The defendants are Denver police officers, a private security guard, hotel staff members, and the district attorney who prosecuted him at his parole-revocation hearing. He alleges that the officers, with the aid of a private security guard and hotel staff, unlawfully entered his hotel room, seized evidence without a warrant, and repeatedly lied about the evidence against him. He claims that the defendants' actions violated his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and that the district attorney maliciously prosecuted him.

The district court dismissed the suit sua sponte, ruling that it was barred by the doctrine established by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision disallows § 1983 claims that, if successful, would necessarily imply the invalidity of a previous conviction, unless the conviction has been set aside. Mr. Roberts appeals, arguing that *Heck* is inapplicable to his constitutional claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm the ruling of the district court.

I.   BACKGROUND

Mr. Roberts's claims are based on the following account of events set forth in his appellate brief. Incident to an arrest of a prostitute at a different hotel, police officers discovered a handwritten note on which Mr. Roberts's hotel and room number were written. Without reasonable suspicion or probable cause, the officers came to Mr. Roberts's hotel, entered his room with the help of hotel

-2-

management, and seized certain contraband, including a controlled substance. Mr. Roberts was in the hotel room with a companion. His companion lied to the officers about her identity and was closer than Mr. Roberts to the controlled substance, but she was never prosecuted. Mr. Roberts was later indicted on charges related to these events and the district attorney sought to revoke his parole. At the parole-revocation hearing the officers falsely testified about the circumstances surrounding the search of Mr. Roberts's hotel room. Based on the evidence seized from the hotel room, he was found in violation of his parole.

We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting the allegations as true and viewing them in the light most favorable to the plaintiff. *See Moore v. Guthrie,* 438 F.3d 1036, 1039 (10th Cir. 2006). Because Mr. Roberts filed his complaint pro se, we construe his pleadings liberally. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

## II. DISCUSSION

As the Supreme Court stated in *Heck*, 512 U.S. at 486-87:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

All but one of Mr. Roberts's claims relate to his confinement for his parole violation. This court has extended the *Heck* doctrine to apply to parole revocations. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation.").

Upholding any of the allegations related to the revocation of Mr. Roberts's parole would undermine the validity of his current imprisonment, and they are therefore barred by *Heck* and *Crow*. His Fourth Amendment claim challenges the legality of the seizure of evidence used to revoke his parole. His Fifth Amendment due-process claim challenges the veracity of the police officers in their investigation and testimony. *Cf. Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir 2005) (alleged police perjury that violated prisoner's due-process rights in a parole hearing necessarily implicates the validity of prisoner's continuing confinement); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (*Heck* bars § 1983 claim that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify" the plaintiff). His Eighth Amendment cruel-and-unusual-punishment claim does not challenge the *conditions* of his confinement, but the very fact of his allegedly unlawful imprisonment. *Cf. id*. at 788 ("Channer's Eighth Amendment claim . . . does not call into question the validity of his state conviction. *Heck* makes clear that such actions should generally be permitted to go forward . . . . "). His Fourteenth

Amendment equal-protection claim challenges the validity of his prosecution when another person, whom he claims to be more culpable, was not prosecuted. The basis of his First Amendment claim is not explained in his complaint, but it appears to be a challenge to the legality of the investigation that led to the seizure of evidence against him and therefore fails just as the Fourth Amendment claim did. And his malicious-prosecution claim, as explained in *Heck*, 512 U.S. at 484-86, cannot proceed unless the revocation that resulted from the alleged malicious prosecution has been expunged or declared invalid.

Mr. Roberts's remaining claim is that his indictment violated the double-jeopardy doctrine. Although he was not imprisoned in that case when he filed his suit, this claim is also barred by *Heck*. He must be exonerated on those charges before pursuing § 1983 relief. *See Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999) ("*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.").

Accordingly, the *Heck* doctrine required dismissal without prejudice of Mr. Roberts's claims. We AFFIRM the judgment of the district court. We DENY

Mr. Roberts's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge