**UNITED STATES COURT OF APPEALS**

**March 26, 2009**

**TENTH CIRCUIT**

---

KEVIN WAYNE BROWN,

      Plaintiff-Appellant,

v.

SAM CLINE; (FNU) ACKLEY,
Correctional Supervisor I, Hutchinson
Correctional Facility; (FNU)
MARTIN, Lieutenant, Hutchinson
Correctional Facility; (FNU) BROWN,
Master Sergeant, Hutchinson
Correctional Facility; MARY
NELSON, Chief of Security,
Hutchinson Correctional Facility;
STEVE SCHNEIDER, Compliance
Officer, Hutchinson Correctional
Facility; (FNU) MOSA, Hutchinson
Correctional Facility; (FNU)
LANDSAGER, Disciplinary
Administrator, Hutchinson
Correctional Facility; (FNU) ELLIS,
Unit Team, Hutchinson Correctional
Facility; (FNU) KIDD, Hutchinson
Correctional Facility; (FNU) HURT,
Correctional Officer II, Hutchinson
Correctional Facility,

      Defendants-Appellees.

No. 08-3331

(D.C. No. 08-CV-03043-SAC)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2).  The case is therefore ordered submitted without oral argument.

Plaintiff appeals the dismissal of his 42 U.S.C. § 1983 complaint.  At the time he filed his *pro se* complaint, Plaintiff was an inmate in a Kansas state correctional facility.  The complaint alleged that a correctional officer at that facility filed false disciplinary reports in retaliation for Plaintiff's filing of grievances against the officer.  The complaint also alleged that the disciplinary hearing on the retaliatory reports was conducted by a hearing officer who had improperly discussed the charges with the correctional officer prior to the hearing.  The complaint further alleged that other prison officials falsely corroborated the correctional officer's false disciplinary reports and failed to properly investigate or process Plaintiff's administrative grievances regarding the correctional officer and hearing officer.

Because the sanction imposed on the charged disciplinary infractions included the loss of 111 days of earned, good-time credits and Plaintiff had not shown that the charges were invalidated, the district court concluded that Plaintiff's claims against the correctional officer and hearing officer were barred

by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The court further concluded that, to the extent any of Plaintiff's claims against the remaining Defendants were not barred by *Heck*, these claims failed to state a cognizable constitutional claim. Based on these conclusions, the court directed Plaintiff to show cause why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief could be granted. Plaintiff filed no response, and the court accordingly dismissed the complaint for the reasons stated in the show cause order.

On appeal, Plaintiff argues that the district court erred in dismissing his complaint because, regardless of *Heck* and the other cases cited by the district court, his rights were violated. We hold that the district court did not err by following clear Supreme Court precedent. Plaintiff's claims that the disciplinary reports against him were false and retaliatory and that the disciplinary hearing was conducted improperly are claims that necessarily implicate the validity of the disciplinary charges and the sanctions imposed, including the loss of good-time credits. *Heck* and *Edwards* make clear that Plaintiff does not have a cognizable § 1983 claim under these circumstances unless he can show that the disciplinary convictions have been invalidated. Plaintiff has made no such showing.

Plaintiff's appellate brief does not clearly address the district court's conclusion that his claims against the remaining defendants were barred by *Heck*

or subject to summary dismissal because he had not alleged that those Defendants personally participated in depriving him of a constitutional right. Even if we construe Plaintiff's brief liberally to have included this argument on appeal, our independent review of the record persuades us that the court did not err by dismissing these claims.

Therefore, for substantially the reasons stated by the district court, we **AFFIRM** the dismissal of Plaintiff's § 1983 complaint.

Entered for the Court


Monroe G. McKay
Circuit Judge