**UNITED STATES COURT OF APPEALS** October 23, 2013

**TENTH CIRCUIT**

WILLIAM HENRY SHERRATT,

      Plaintiff-Appellant,

    v.

UTAH DEPARTMENT OF
CORRECTIONS; UTAH STATE
PRISON; UTAH CONTRACT
ATTORNEYS; STEVEN TURLEY,
Warden; LARRY BUSSIO, Deputy
Warden; UTAH ATTORNEY
GENERAL; BILLIE CASPER,
Grievance Coodinator; TOM
ANDERSON, Hearing Officer; GREG
PEAY, Hearing Office Director;
ROBYN WILLIAMS, Deputy
Director; MIKE HADDON, Deputy
Director; TOM PATTERSON,
Director; MARK SHURTLEFF, Utah
Attorney General; DALE WRIGHT,
Deputy Warden; WAYNE
FREESTONE, Contract Attorney;
MIKE THOMPSON, Assistant Utah
Attorney General; MICHELLE I.
YOUNG, Utah Assistant Attorney
General; DAVID AUGERHOFFER,
Contract Attorney; RON WILSON,
Captain; SHARON D'AMICO;
BOARD OF PARDONS AND
PAROLE; CLAY CAWLEY, Captain;
JOHN DOE, Utah Assistant Attorney
General; JANE DOE; FNU STRONG,
Watch Commander; CRAIG BUCH,
Programming Director; ROBERT
JENSEN, Captain; FNU HART,
Sergeant; JOHN DOE (2), Utah
Assistant Attorney General; JOHN
DOE (3), Utah Assistant Attorney

No. 13-4061
(D.C. No. 2:10-CV-01091-TS)

(D. of Utah)

General; JESSIE GALLEGOS, BOP
Member; CLARK HARMS, BOP
Member; ROBERT YEATES, BOP
Member; CURTIS GARNER, BOP
Chairman; DENNIS SORENSON,
Warden; ANNA LEE CARLSON;
FNU RASMUSSEN, Officer;
PATRICK LNU, Sergeant,

Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

William Sherratt, a Utah state prisoner, appeals the district court's

dismissal of his 42 U.S.C. §§ 1983 and 1985 civil rights complaint against several

officials of the Utah Department of Corrections (UDC) and Utah Attorney

General's Office.  Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

-2-

# I. Background

In a 200-page complaint, Sherratt alleges that the defendants violated his First, Fourteenth, and Eighth Amendment rights in six different ways and that the defendants conspired to retaliate against him for exercising his First Amendment rights in twenty-three different ways. And he challenges the constitutionality of Utah's indeterminate sentencing scheme.

The district court dismissed several defendants charged only in their supervisory capacities. The court also dismissed several of Sherratt's claims as vague, lacking standing, barred by Utah's four-year statute of limitations, or not based on constitutionally recognized rights. Finally, the district court dismissed Sherratt's challenge to Utah's indeterminate sentencing scheme. *See Sherratt v. Turley*, No. 2:10-cv-01091-TS, slip. op. (D. Utah Mar. 25, 2013).

On appeal, Sherratt asserts the district court erred in dismissing his claims. In particular, he asserts that (1) defendants retaliated against him for filing grievances and threatening to file suit by denying his family visitation clearances and depriving him of his legal work; (2) defendants conspired to deny him access to the courts and retaliated against him for exercising his First Amendment rights; (3) defendants deprived him of his constitutional right to provide legal assistance to other inmates; (4) defendants deprived him of due process by not allowing him to participate in a sex offender treatment program (SOTP); and (5) Utah's

indeterminate sentencing scheme is unconstitutional. Sherratt also asserts several new claims on appeal impliedly attacking the validity of his sentence.

## II. Discussion

We review de novo the district court's dismissal for failure to state a claim under 42 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In determining whether dismissal is proper, we accept the allegations as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.* We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) as we do for Federal Rule of Civil Procedure 12(b)(6). *Id.* As such, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action" accompanied by "mere conclusory statements" offered as evidence are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Sherratt proceeds *pro se*, we construe his filings liberally. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). We will not, however, supply additional factual allegations to "round out a plaintiff's complaint or construct a legal theory" on his behalf. *Id.*

### A. Supervisory Claims, Standing, and Statute of Limitations

Sherratt's over 200-page complaint raises a number of claims directed to supervisory personnel, other inmates, and conduct that occurred years before he filed the complaint. The district court properly dismissed these claims.

First, the dismissal of the complaint directed to supervisory personnel was correct. Sherratt alleges that prison officials in the chain of command violated his constitutional rights by denying his grievances. But personal participation in a violation of a plaintiff's constitutional rights is an essential allegation in a Section 1983 claim. *See Smith v. Maschner*, 899 F.2d 940, 950–51 (10th Cir. 1990). Denial of a grievance or failure to properly investigate or process grievances, without any connection to the violation of constitutional rights alleged by the plaintiff, is not sufficient to establish personal participation for purposes of a Section 1983 claim. *See, e.g.*, *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Brown v. Cline*, 319 F. App'x 704, 705–06 (10th Cir. 2009). Accordingly, the district court properly dismissed Sherratt's claims against individual defendants charged in their supervisory capacities.

Second, the district court properly dismissed Sherratt's claims alleged on behalf of other prisoners or the general prison population because Sherratt lacked standing to bring them. *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) ("[T]o the extent a complaint concerns 'inmates' rather than the

plaintiff himself, it is dismissable for failure to allege the plaintiff's standing to proceed." (citations omitted)).

Third, the district court properly dismissed Sherratt's claims occurring four or more years before the filing of the complaint under Utah's four-year residual statute of limitations. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

## B. Retaliation Claims

Sherratt also asserts that prison officials retaliated against him after he filed grievances and threatened to sue for retaliation. Prison officials may not retaliate against or harass inmates because of the inmate's exercise of his constitutional rights, including filing internal prison grievances or initiating lawsuits. *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006); *Maschner*, 899 F.2d at 947–48. But an inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). The plaintiff must therefore allege specific facts showing that "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action would not have taken place." *Id.* (quotations omitted).

Sherratt maintains that prison officials retaliated against him by prohibiting his sister from attending a music recital he organized in prison. Sherratt's sister was denied admittance to the recital on November 1, 2008, but Sherratt nowhere indicates what grievances he had previously filed that provoked this action or

their proximity in time to the alleged retaliatory action. His mere allegations of retaliation, without more, are insufficient to show a retaliatory motive. *Cf. Maschner*, 899 F.2d at 948.

Sherratt next contends that prison officials singled him out from other prisoners with similar amounts of legal work and forced him to dispose of the legal work accumulated in his cell in retaliation for filing grievances and threatening to file suit. Sherratt states that this occurred "because I told [the official] I would sue for retaliation." Aplt. Br. at 11. We first note that restriction of legal materials in a prison cell is reasonable in light of security and fire hazards. *See Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir. 1992). Even assuming that Sherratt was singled out from other inmates with similar amounts of legal work, there is no indication that these events occurred in close proximity to Sherratt's statements. Sherratt's conclusory allegation that these events occurred because he threatened to sue for retaliation are insufficient to state a claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[T]he court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." (citations omitted)).

Finally, Sherratt alleges that defendants conspired to retaliate against him for exercising his First Amendment rights. But Sherratt's conclusory allegations that defendants conspired to retaliate against him for exercising his First

Amendment rights are insufficient to state a claim of retaliation. Accordingly, we dismiss these claims.

## C. Right to Provide Legal Assistance to Inmates

Sherratt asserts that several defendants violated his First Amendment right to access the courts by preventing him from assisting other inmates with their legal work. But a prisoner does not have a constitutionally protected right to provide legal representation to other inmates. *Maschner*, 899 F.2d at 950. And, given the number of Sherratt's filings, it is unclear how his inability to help prisoners with their legal work has prevented *his* access to the courts. *See Munz v. Nix*, 908 F.2d 267, 268 n.3 (8th Cir. 1990). Accordingly, we affirm the district court's dismissal of this claim.

## D. Denial of Privileges

Next, Sherratt argues that the Board of Pardons and Parole unconstitutionally deprived him of a liberty interest under the Fourteenth Amendment by preventing him from participating in SOTP, an optional rehabilitative program for sex offenders.[1] Completion of SOTP does not necessarily result in an earlier parole date, but an inmate who successfully completes the program may be eligible for an earlier rehearing date.

---

[1] The UDC offers offenders who meet certain requirements the choice of participating in SOTP. This program is completely voluntary. Utah Code Ann. § 64-9b-4(1) (2013).

Contrary to Sherratt's assertions, the option to participate in a rehabilitative program like SOTP is a privilege, not a right. *See Doe v. Heil*, 2013 WL 4504772, at *7 (10th Cir. 2013); *Termunde v. Cook*, 684 F. Supp. 255, 259 (D. Utah 1988). Thus, no particular process is constitutionally due or required regarding Sherratt's placement in SOTP. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) ("Since [plaintiff] was not deprived of any liberty to which he was entitled, no particular process was constitutionally due or required, regardless of state law. Nor does denying process, however mandatory under state law, itself deny liberty.").

Sherratt also claims that his inability to participate in SOTP unconstitutionally lengthened the term of his prison sentence. Sherratt's allegations are insufficient to state a claim for several reasons. First, Sherratt was in fact admitted into the SOTP program, but chose not to participate because one of the requirements to participate is the admission of guilt.[2] *See Sherratt v.*

---

[2] On appeal, Sherratt asks us to consider the question of whether the UDC's requirement that an inmate admit guilt to be accepted into the SOTP violates his Fifth Amendment rights. Notwithstanding Sherratt's failure to raise this issue in the district court, we note the Supreme Court has previously held that a prison rehabilitative program with a legitimate penological objective does not violate the privilege against self-incrimination "if the adverse consequences an inmate faces for not participating are related to the program objectives and do not constitute atypical and significant hardships in relation to the ordinary incidents of prison life." *McKune v. Lile*, 536 U.S. 24, 37–38 (2002). Sherratt has not shown that his term of prison was actually lengthened due to his inability to participate in SOTP. As such, any inability or delay in his participation in SOTP does not implicate his Fifth Amendment rights.

*Turley*, No. 2:10-cv-01091-TS, slip. op. add. D at 26 (D. Utah Mar. 25, 2013).

Second, as stated above, completion of SOTP does not necessarily result in an

earlier parole date. Finally, any purported interference with the length of

Sherratt's parole is insufficient to state a claim under Section 1983 because there

is no constitutional right to be released before the expiration of a valid sentence.

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979);

*accord Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). And neither

has the State of Utah created a liberty interest entitling prisoners to federal

constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir.

1994).

Accordingly, we affirm the district court's decision to dismiss Sherratt's

claims regarding his inability to participate in the SOTP program and any

resulting effect on the length of his sentence.

### E. Utah's Indeterminate Sentencing Scheme

Sherratt challenges the district court's dismissal of his challenge to Utah's

indeterminate sentencing scheme. But we have upheld Utah's sentencing scheme

against constitutional challenge. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208,

1212 (10th Cir. 2009). Accordingly, we affirm the district court.

### F. Other Claims

Finally, Sherratt argues for the first time on appeal three new theories: (1)

new evidence shows that "false facts" were manufactured wholesale by the

judiciary to deprive him of his right to access its tribunals or to wrongfully convict him; (2) his conviction itself violated the Equal Protection Clause of the Fourteenth Amendment because Mormon citizens are not charged for statutory rape; and (3) his Sixth Amendment rights were violated based on ineffective assistance of counsel prior to his trial.

In general, we refuse to consider new issues on appeal; the decision to take up questions for the first time on appeal is left primarily to this court's discretion. *Singleton v. Wulff*, 428 U.S. 106 (1976). Even if Sherratt did not waive the claims he now brings on appeal, we dismiss these claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because each necessarily implies the invalidity of Sherratt's conviction and sentence. *See, e.g.*, *Abella v. Rubino*, 63 F.3d 1063, 1064–65 (11th Cir. 1995) (false evidence); *Roberts v. O'Bannon*, 199 F. App'x 711, 713–14 (10th Cir. 2006) (violation of Equal Protection Clause in charging decision); *Holly v. Gotcher*, 427 F. App'x 634, 635–36 (10th Cir. 2011) (ineffective assistance of counsel).

## III. Conclusion

Accordingly, we AFFIRM the order of the district court dismissing Sherratt's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Appellant's motion for oral argument is DENIED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge