FILED
United States Court of Appeals
Tenth Circuit

April 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY THOMAS NAVES,

          Petitioner - Appellant,

v.

ALFRED C. BIGELOW; UTAH
BOARD OF PARDONS AND
PAROLE; and STATE OF UTAH,

          Respondents - Appellees.

No. 14-4010
(D.C. No. 2:13-CV-00379-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Randy Thomas Naves, an inmate at the Utah State Prison, brought these proceedings seeking relief under 28 U.S.C. § 2241 and 42 U.S.C. § 1983 based on allegations challenging the constitutionality of Utah's indeterminate sentencing scheme, and the authority, policies and practices of the Utah Board of Pardons (Board). The district court construed the petition as also seeking habeas relief pursuant to 28 U.S.C. 2254.[1] The court then denied relief and dismissed the petition. Mr. Naves seeks a certificate of appealability (COA) to appeal that decision and appeals the dismissal of his § 1983 action. He also seeks to proceed *in forma pauperis* (ifp). We deny COA, and affirm the district court's dismissal of the § 1983 claims.

In 1997 Mr. Naves was convicted in Utah state court on multiple felony charges involving the sexual abuse of a child, and one related misdemeanor charge. He was sentenced on October 17, 1997, to indeterminate sentences of imprisonment as follows: one-to-fifteen years on each of three second-degree felony charges; zero-to-five years on a third-degree felony charge; and twelve months on a Class A misdemeanor charge. Two of the one-to-fifteen year terms

---

[1]A proceeding under § 2254 is the proper vehicle for a challenge to the validity of a conviction or sentence whereas § 2241 is the proper vehicle for an attack on the execution of a sentence. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000). A civil rights action pursuant to § 1983 typically seeks damages, but also may seek declaratory or injunctive relief. *See Muhammad v. Close,* 540 U.S. 749 (2004); *Wilkinson v. Austin*, 545 U.S. 209 (2005); *Wilkinson v. Dotson,* 544 U.S. 74 (2005). The proceedings instituted by Mr. Naves are identified by him as a petition, but in reality are a hybrid which includes a civil rights action not seeking damages but, as we construe it, seeking equitable relief.

were to run concurrently, but the third was to run consecutively with the first two terms and consecutively with the other sentences. Mr. Naves did not appeal those sentences. According to his petition he attempted to pursue some sort of collateral action in state court in 2005, but was unsuccessful because it was untimely.

On May 28, 2013, Mr. Naves filed the instant proceeding seeking relief under § 2241 and § 1983. The petition consists in great part of opinions, conjecture and conclusions, but can be divided into three parts. First, Mr. Naves contends that the indeterminate sentencing system in Utah, under which he was sentenced, is unconstitutional. Next, he argues generally that the discretionary parole power vested in the Board is unconstitutional. Finally, he contends that the Board's procedures constitute a denial of due process, not because there is no process but that the process does not provide enough information for him to discover, for instance, whether the Board is biased against sex offenders, especially those who do not participate in treatment programs, and whether the Board might have acted vindictively in his 2007 hearing because of the contents of his written submission. He also argues that the Board denies due process when it does not treat the Sentencing Guidelines matrix (the estimate of terms inmates typically serve based on calculated criminal history categories and the severity of crimes) as a mandatory restraint upon the Board's discretion.

We largely settled these questions in favor of the State twenty years ago. *See Malek v. Haun,* 26 F.3d 1013 (10th Cir. 1994). And we have recently reiterated that the Utah indeterminate sentencing scheme, including the authority of the Board and its discretionary parole framework, as well as the procedures followed by the Board, do not violate the Federal Constitution. *See Straley v. Utah Bd. of Pardons,* 582 F.3d 1208 (10th Cir. 2009); *Sherratt v. Utah Dep't. of Corr.,* 545 Fed. Appx. 744 (10th Cir. 2013). The arguments raised by Mr. Naves in and with respect to his petition are simply a rehash of those addressed in and rejected by these opinions or are otherwise governed by them.

We may grant a COA only if Mr. Naves first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that he must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Although we liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers, *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), we do not act as his attorney in "constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). We have reviewed all of Mr. Naves' arguments and, for the reasons stated above, have no difficulty concluding that he does not meet the COA threshold either as to relief under

-4-

§ 2241 or under § 2254 (even assuming that section applies here). And, his contentions viewed through the lens of § 1983 are likewise meritless.

Mr. Naves' request to proceed on appeal *ifp* is GRANTED. For the reasons stated above, and by the district court in its thorough discussion of the merits, the application for a COA is DENIED. Because Mr. Naves has not shown a violation of any right secured by the Constitution of the United States, the district court's dismissal of his § 1983 cause of action is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge